UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R&R, INC., | ) | CASE NO.:  4:06CV287 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| VOLVO TRUCKS NORTH AMERICA, INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter comes before the Court on Defendant Volvo Trucks North America, Inc.'s Motion for Summary Judgment.[1] (Doc. #17) A Response and Reply were timely filed thereafter. The Court has reviewed the Motion, Response, Reply, exhibits and applicable law. Defendant's Motion is not well-taken and is therefore DENIED.

**FACTS**

Plaintiff and Defendant entered into their most recent franchisor/franchisee agreement ("Agreement") on September 1, 2005. Under the terms of the Agreement, Plaintiff is authorized to sell Volvo Group's vehicles but is required to provide warranty service for such vehicles at no charge to the customer according to the vehicle's warranty. In turn, both under the Agreement and according to Ohio law, Defendant is required to compensate Plaintiff for parts and labor. The Agreement requires compensation "following receipt of a properly submitted Warranty claim and completion of all other conditions for payment." Doc. #17, exhibit 2, § 6.3.4. Plaintiff claims, and

---

[1] The Court does not find it relevant that in a previously filed case in Mahoning County, Ohio Common Pleas Court, the trial court considered basically the same motion and denied same. Because that case was voluntarily dismissed by Plaintiff, the decision is voided.

Defendant does not dispute, that Defendant reimburses its dealers nationally for parts used in warranty repairs at 30% over cost. Doc. #17, exhibit 1, paragraph 3. In making warranty repairs, Plaintiff submits claims for payment electronically to Defendant but provides only a list of warranty repairs made with an annotation of what Plaintiff claims is its retail rate for a nonwarranty claim.[2] Doc. #17, p. 3. Defendant believes that the information submitted does not allow them to check the accuracy of the retail rate because it has not been provided with "information regarding its dealers' parts costs from outside vendors, how many of its parts are purchased from outside vendors, or the amounts its dealers charge, or receive, from customers having repairs done that are not covered by warranty . . . ." *Id*. It appears that Defendant admits that Plaintiff has repeatedly, over the course of their on-going franchise relationship, claimed that Defendant has not fulfilled its obligations under the Ohio statute. *Id.*

When Plaintiff submits a claim for reimbursement, Defendant has responded by requesting additional evidence substantiating Plaintiff's retail rates. *Id.* at 4. Defendant claims that the only substantiating documentation ever provided by Plaintiff is "a list of customers that included a column labeled 'parts amount,'" which Plaintiff claimed represented the "difference between R&R's retail parts rate and the amount paid by Volvo Group for that warranty repair." *Id.* Defendant appears to want Plaintiff to produce documentation on the following: (1) the price it paid for the parts it installed in making the nonwarranty repairs; (2) the retail rates used to determine the alleged deficiencies between the payments made by Defendant and the rates Plaintiff claims it is entitled to; (3) the method used by Plaintiff to calculate those retail rates; (4) whether

---

[2] The Court does not find it relevant that Plaintiff has had no problem receiving reimbursements by using the same process and rate calculations for submitting warranty reimbursement claims to other manufacturers it has franchisor/franchisee relations with or Mack Trucks, a company owned by Defendant.

2

Plaintiff's customers actually paid those rates;[3] and (5) what Plaintiff claims to be "like parts" for the purposes of calculating the claimed rates. *Id.* at 5. Defendant alleges that "common sense dictates it should be permitted to require documentation of R&R's retail rates before it is required to match those rates."

This case involves the interpretation of a provision of Ohio's Franchise Act, O.R.C. § 4517.52(A). That statute states, "Each franchisor shall compensate each of its franchisees for labor and parts used to fulfill warranty and recall obligations of repair and servicing at rates not less than the rates charged by the franchisee to its retail customers for like service and parts for nonwarranty work." O.R.C. § 4517.52(A).

Defendant claims that the issue before the Court is whether "R&R [is] required to substantiate its alleged retail rates for parts prior to filing suit, or is Volvo Group required to pay whatever rates R&R claims, despite R&R's unwillingness to provide documentation that would verify what it actually charges its retail customers." Doc. #17 at 1. Plaintiff argues that it has offered various methods for verifying its requested rates but that Defendant continues to respond that there is insufficient information to permit it to verify Plaintiff's rates. Plaintiff further claims that the issue before the Court is "whether Volvo reimburses at R&R's rates and whether what Volvo is now doing to 'substantiate' R&R's requests are reasonable." Doc. #20 at 5.

## STANDARD OF REVIEW

Summary Judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

---

[3] Defendant states that Plaintiff has provided copies of invoices but not proof that the rate listed on the invoice was the actual amount paid by the client.

3

242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).  The moving party must demonstrate to the court, through reference to pleadings and discovery responses, the absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 323.  This is so that summary judgment can be used to dispose of claims and defenses, which are factually unsupported.  *Id.* at 324.  The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried.  *Id.*  The court's inquiry at the summary judgment stage is to determine "whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson,* 477 U.S. at 250.   However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson,* 477 U.S. 242, 247-48 (1986) (emphasis in original).  "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'"  *McMillian v. Potter,* 130 Fed.Appx. 793, 796 (6th Cir. May 11, 2005) (quoting *Anderson,* 477 U.S. at 248).

      The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e).  *See Celotex,* 477 U.S. at 324.  The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves . . . ."  *Id.*  Rule 56(c) states, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to

4

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." However, "only admissible evidence may be considered when ruling on a motion for summary judgment. *Wiley v. United States,* 20 F.3d 222, 225 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)). A scintilla of evidence in favor of the nonmoving party is not sufficient. *Anderson,* 477 U.S. at 252.

As a general matter, a district court considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248. The court cannot consider non-material facts, nor can it weigh material evidence to determine credibility or the truth of the matter. *See id.* at 249. The court's sole function is to determine whether there is a genuine fact for trial. *Id.* This does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for [that] party." *Id.* In sum, a proper summary judgment analysis asks whether a trial is necessary. It is additionally noted that a district court may properly grant summary judgment on grounds not raised in the motions, provided no genuine issue of material fact remains. *Hines v. Joy Mfg. Co.,* 850 F.2d 1146, 1150 (6th Cir. 1988).

## DISCUSSION

Upon review, it appears that the Sixth Circuit has discussed this statute only once, in *Jim White Agency Co. v. Nissan Motor Corp. in U.S.A.,* 126 F.3d 832 (6th Cir. 1997). In that case, the court refused to require that the statute intended the manufacturer have the burden of determining the appropriate rates absent express pronouncement from the

5

Ohio legislature.  *Id.* at 836.  The court did interpret the statute as "first requiring the dealer to present the appropriate claim to the manufacturer, and then requiring that the manufacturer pay the presented claim."  *Id.*

In this case, Plaintiff appears to have presented claims to Defendant for reimbursement.  However, Defendant claims that it did not receive adequate information to determine whether the amounts given by Plaintiff were its actual retail rates charged for nonwarranty claims.  Plaintiff states that it did provide Defendant with sufficient information to substantiate its rates but that Defendant's ongoing request for additional information was unreasonable.

Additionally, Plaintiff appears to charge different retail rates to different clients and the statute does not dictate whether the reimbursement should be made according to the average retail rate, the lowest or the highest.  Therefore, there remains a question of material fact that prevents this Court from finding, as a matter of law, that judgment for Defendant would be appropriate.

It is unfortunate that Defendant is subjected to possibly having to pay double damages, attorney fees and costs based on the filing of this suit.  However, Defendant first must be found to have violated the statute in order to be subjected to those additional liabilities.  Without guidance from the Sixth Circuit or the Ohio Supreme Court as to what is required to be provided under the statute prior to suit, this Court is left with little choice but to deny the Motion for Summary Judgment.

## CONCLUSION

Based on the above, it is hereby determined that there remains genuine issues of material fact that must be resolved by a trial in the matter. Thus Defendant is not entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment is DENIED.

So ordered.

                                                    *s/ Judge John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT