**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| R & R, INC., | ) | CASE NO.:  4:06CV287 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **FINDINGS OF FACT AND** |
| | ) | **CONCLUSIONS OF LAW** |
| VOLVO TRUCKS NORTH AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action was tried to the Court with an advisory jury on July 5-6, 2006.  The advisory jury found in favor of the Defendant Volvo Trucks North America ("Defendant") on Plaintiff R & R, Inc.'s ("Plaintiff") claim for violation of Ohio Revised Code ("O.R.C.") § 4517.52.  (Doc. #42, p. 1)  The advisory jury also made a specific finding that Plaintiff failed to prove, by a preponderance of the evidence, that Defendant reimbursed Plaintiff for parts used in warranty repairs at a rate that is less than Plaintiff's actual retail rate for like parts used in nonwarranty repairs.  (Doc. #42, p. 2)  The Court herein enters its Findings of Fact and Conclusions of Law pursuant to Rule 52.  *Ellis v. Diffie,* 177 F.3d 503, 505 (6th Cir. 1999) (stating, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 . . . .").  Having considered applicable law, the testimony, demeanor, and credibility of the witnesses, the evidence presented at trial, as well as the entire record in this matter, it is hereby determined that Judgment is entered in favor of the Defendant.

## I. Introduction

Plaintiff R&R, Inc. ("Plaintiff") sells and services Volvo trucks, including performing warranty repairs. Defendant Volvo Trucks North America, Inc. ("Defendant") has a franchise agreement with Plaintiff which requires Defendant to reimburse Plaintiff for parts used when making warranty repairs. This action is premised on the rate of reimbursement Defendant has been paying Plaintiff for these parts.

The Complaint alleges that Defendant violated O.R.C. § 4517.52. It asks for twice the amount of actual damages sustained plus court costs and attorney fees pursuant to O.R.C. § 4517.65(A) and that this Court permanently enjoin Defendant from similar conduct in the future.

## II. Findings of Fact

1. Plaintiff is an Ohio corporation and Defendant is a foreign corporation licensed to do business in Ohio. (Doc. #1, exhibit A)

2. The parties entered into a franchise agreement regarding the reimbursement of funds for parts used by Plaintiff for warranty repairs. (Defendant's exhibit 1001)

3. The franchise agreement contains the following requirements under Article 7:

> 7.1 Sole and Exclusive Dispute Resolution Procedures
>
> The parties shall promptly seek, in good faith and in a spirit of cooperation, a rapid and equitable solution to any dispute, controversy, or claim between them arising out of, relating to, or concerning this Agreement. Accordingly, the parties agree to engage in direct and meaningful negotiations to arrive at such solution.

Except as provided herein, no civil, regulatory, or administrative action with respect to any dispute, claim, or controversy arising out of or relating to this Agreement may be commenced until the procedures specified in Article 7 have been followed. These procedures shall be the sole and exclusive procedures for the resolution of any such dispute.

7.2 Negotiation

   7.2.1   Negotiating Parties

The parties shall attempt in good faith promptly to resolve, by negotiation, any dispute arising out of or relating to this Agreement. The negotiating parties shall be the Dealer Principal and the Company's Director of Dealer Development.

   7.2.2   Negotiation Procedure

The negotiating parties will observe the following procedure:

1. Each party shall give the other party written notice of any dispute not resolved in the normal course of business.

2. Within 15 days after delivery of the notice, the receiving party shall submit to the other a written response. Both notice and response shall include:
   - a statement of each party's position
   - a summary of arguments supporting that position
   - the name and title of any other person who will accompany the Dealer Principal or the Company's Director of Dealer Development during negotiations.

3. Within 30 days after delivery of the disputing party's notice, the Dealer Principal and the Company's Director of Dealer Development shall meet at a mutually acceptable time and place, and thereafter as often as they reasonably deem necessary, to attempt to resolve the dispute.

4. Each party will honor any reasonable request for information from the other party.

. . .

7.3 Mediation

>7.3.1    Mediation Procedure
>
>If the dispute has not been resolved by Negotiation as set forth in Section 7.2 above within 45 days of the disputing party's notice, and the parties have failed to meet within 20 days, the matter shall be submitted to the American Arbitration Association ("AAA") or its successor, for mediation under its Commercial Rules.
>
>. . .
>
>7.3.6 Civil Actions
>
>Either party may seek equitable relief prior to the mediation to preserve the status quo pending the completion of that process. Except for such an action to obtain equitable relief, neither party may commence a civil action with respect to the matters submitted to mediation until after the completion of the initial mediation session, or 90 days after the date of filing the written request for mediation, whichever occurs first. . . .

(Defendant's Exhibit 1001, pp. 27-28).

     4.     The amount paid by Defendant for warranty parts to its franchisees, including Plaintiff, is cost of the part plus 30%.

     5.     Franchisees are required to submit claims for warranty parts electronically. The electronic form automatically enters the cost of the part plus 30% and there is no ability to override this amount on the form.

     6.     When Plaintiff submitted claims to Defendant, in addition to the standard price that appeared on the form, Plaintiff would add an additional line, entitled "Ohio franchise," requesting the difference between their actual retail rate and the cost plus 30%, the amount ordinarily paid by Defendant. Plaintiff would also send Defendant a summary statement of these claims, itemizing each.

7. Plaintiff provided no documentation to Defendant that the retail rate submitted was the actual rate charged to its retail customers for like parts for nonwarranty work.

8. Defendant refuses to pay an unsubstantiated dealer retail rate.

9. Plaintiff submitted no evidence at trial to demonstrate that the retail rates it alleges it is entitled to, contained in the invoices seen in Plaintiff's exhibits 8-68, were the actual retail rates it charged to retail customers for like parts for nonwarranty work.

10. Plaintiff has approximately 19-20 different pricing schemes for various retail customers.

11. Plaintiff determines its retail rate as cost of the part plus supplies.

12. Defendant never increased the amount paid to Plaintiff for warranty claims.

13. Defendant has a policy that it does not pay for shop supplies. It determines retail rate as the amount the company providing the service charges for a specific part.

14. Plaintiff did not keep an accounting copy of its sales, which would list the information from the repair performed, such as labor, labor time, labor paid, parts price paid, and parts price charged.

15. Plaintiff repeatedly requested that Defendant pay the increased rate.

16. Defendant made requests for Plaintiff to submit evidence that the retail rates it was requesting were prices that were consistently charged to retail customers for nonwarranty work.

17. Plaintiff did not provide Defendant with any retail repair orders until

after legal proceedings had begun.

18.     Defendant never audited the warranty claims submitted by Plaintiff despite having the authority to do so in the franchise agreement.

### III. Conclusions of Law

1.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441 (a) and (b) and § 1446 (b), as Plaintiff is an Ohio corporation and Defendant is foreign corporation licensed to do business in Ohio.  (Doc. #1, exhibit A)

2.      The Court finds that as a matter of law that this action is barred due to Plaintiff's failure to satisfy the condition precedent set forth in Article 7 of the Dealer Sales and Service Agreement, as provided above.  The Agreement requires that as a condition precedent to filing a civil lawsuit, the parties must enter into negotiations to resolve the dispute.  If the dispute remains unresolved, the parties must enter into mediation.  If mediation is unsuccessful, the parties may enter into binding arbitration.  The only allowance for filing a civil action prior to mediation is to obtain equitable relief in order to maintain the status quo pending mediation.  In an analogous case, the District Court in *Bill Call Ford, Inc. v. Ford Motor Co.,* 830 F.Supp. 1045 (N.D. Ohio Aug. 18, 1993), *affirmed* 48 F.3d 201 (6th Cir. Feb. 27, 1995), found that the franchisee's failure to seek mediation for disputes which arose over reimbursement for warranty repairs, constituted a failure to fulfill a condition precedent for mediation of disputes prior to filing suit under the franchise agreement and thus resulting in a bar to the § 4517.52 claim.

3.      Even if it was determined that the action was not barred, Plaintiff fails to establish, by a preponderance of the evidence, a violation of O.R.C. § 4517.52.

  4. Section 4517.52 states, "Each franchisor shall compensate each of its franchisees for labor and parts used to fulfill warranty and recall obligations of repair and servicing at rates not less than the rates charged by the franchisee to its retail customers for like services and parts for nonwarranty work."

  5. Additionally, O.R.C. § 4517.65(A) states, "When a franchisor does, causes, or permits to be done anything prohibited by this chapter, or fails to perform any duty imposed upon it by this chapter, the franchisor shall be liable to the franchisee in double the amount of actual damages sustained, plus court costs and reasonable attorney fees."

  6. The Sixth Circuit has determined that § 4517.52 was not intended to place burden for determining appropriate rates on the manufacturer.  *Jim White Agency Co. v. Nissan Motor Corp. in U.S.A.,* 126 F.3d 832, 836 (6th Cir. 1997) (It is first required that the dealer "present the appropriate claim to the manufacturer" and the manufacturer is then required "to pay the presented claim.").  Therefore, Plaintiff has the burden to demonstrate what the appropriate retail rate would be based on the rate charged to retail customers for nonwarranty work.

  7. Based on the literal reading of § 4517.52 and the case law provided above, in order to show a violation of this statute, Plaintiff must prove, by a preponderance of the evidence, that:  (1) Defendant reimbursed Plaintiff for parts used in warranty repairs at a rate that is less than Plaintiff's retail rate for like parts used in nonwarranty repairs; (2) Plaintiff informed Defendant that it believed that Defendant was not reimbursing it for parts used in warranty repairs at its retail rate for like parts; and (3) Plaintiff provided

reasonable verification of its claimed retail rate for like parts to Defendant before filing a legal action claiming that Defendant violated Section 4517.52.

8. Plaintiff satisfied the first element of a § 4517.52 claim, that Defendant failed to reimburse Plaintiff at the rate Plaintiff claims was its retail rate for like parts used in nonwarranty repairs.

9. Plaintiff also satisfied the second element of a § 4517.52 claim, that Plaintiff informed Defendant that it was not reimbursing it for parts at its retail rate for like parts.

10. Plaintiff, however, fails to establish evidence of the third element, that it provided reasonable verification of its claimed retail rate for like parts to Defendant.

11. Plaintiff also failed to demonstrate at trial what its nonwarranty rates were for parts sold to its retail customers; therefore failing to demonstrate, by a preponderance of the evidence, that Defendant violated § 4517.52.

12. In order to receive double the amount of actual damages sustained, plus court costs and reasonable attorney fees under § 4517.65, the Court must necessarily have found a violation of § 4517.52, which it has not.  Therefore, Plaintiff's second cause of action fails.

13. In order to award a permanent injunction against Defendant, the Court must necessarily have found a violation of § 4517.52, which it has not.  Therefore, Plaintiff's third cause of action fails.

## CONCLUSION

After having made its Findings of Fact and Conclusions of Law, this Court hereby renders judgment for Defendant on Plaintiff's claim that it violated O.R.C. § 4517.52.

Additionally, because Plaintiff's first cause of action fails, its second and third causes of action also fail.

So ordered.

Date: February 28, 2007                  ____s/ Judge John R. Adams_____
                                         JUDGE JOHN R. ADAMS
                                         UNITED STATES DISTRICT COURT